# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JAMES HART STERN, #130001                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:10-cv-147-DPJ-FKB

BARBARA DUNN, et al.                          DEFENDANTS

## ORDER

      This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 28 U.S.C. § 1983. This Court entered an order [7] on June 9, 2010, directing Plaintiff to provide specific information regarding his claims. Plaintiff complied with this order [7] by filing a response [14] on June 25, 2010. After review of the record, the Court has made the following conclusions.

**I. Background**

      The basis of Plaintiff's complaint is a pending state tort claim in Hinds County Circuit Court. Compl. [1] at 4. Plaintiff alleges that the Defendants have prejudiced him by a delay in the filing of his state court documents. *Id.* at 6. Plaintiff requests that this Court direct Defendants to issue summons to the parties in his pending state court action as well as an order directing Defendant Dunn to "stop violating my rights regarding my tort." *Id.* at 4. Further, Plaintiff requests that this Court "take over all tort claims in state case to assure fairness." *Id.* Lastly, Plaintiff seeks monetary damages.

**II. Analysis**

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*. Accordingly, for the following reasons

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
        from such relief.

Plaintiff's claims will be dismissed.

**A. Claims Seeking Mandamus Relief**

Plaintiff is requesting that this Court direct the Hinds County Circuit Court and Circuit Clerks to perform certain duties as they relate to his state court tort claim, as such, this claim will be construed as a petition for writ of mandamus. *See Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003) (district court correctly construed Plaintiff's § 1983 complaint as a petition for mandamus because he was requesting that the district court direct the state court in the performance of their duties).

Mandamus relief is available "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Defendants are not officers or employees of the United States and, therefore, are not subject to the mandamus authority of this Court pursuant to 28 U.S.C. § 1361. Furthermore, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *see also Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005) (mandamus relief is not available to federal courts to direct state officials in the performance of their duties); *Rhodes*, 77 F. App'x at 261(district court lacked authority to order the state court to act on petitioner's habeas petition); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997) (writ of mandamus dismissed for lack of authority where petitioner seeks district court review of his state writ on the merits). Therefore, this Court does not have authority to direct the Defendants to grant the relief petitioner seeks regarding his state court case. As such, Plaintiff's claim which is construed as a petition for writ of mandamus will

be denied.

### B. Claims Pursuant to § 1983

In addition to the mandamus relief requested, Plaintiff requests monetary damages as he alleges that he has been denied access to the courts by the named Defendants. Plaintiff asserts that the named Defendants have been tardy in filing his court documents and as a result are allegedly attempting to thwart his claims. Resp. [14] at 4. "It is clearly established that prisoners have a constitutionally protected right of access to the courts." *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993) (citing *Bounds v. Smith,* 430 U.S. 817, 821 (1977)). The Supreme Court has held that the right of access to the courts is rooted in the Due Process Clause and "assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Id*. (citing *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974)). However, the Supreme Court has not extended this right beyond the ability of a prisoner to "prepare and transmit a necessary legal document to a court." *Brewer*, 3 F.3d at 821 (citing *Wolff*, 418 U.S. at 576).

In order to establish that Plaintiff has been denied access to the courts under § 1983, he must prove that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996). As stated above, Plaintiff asserts that the Defendants are attempting to thwart the claims he is presenting in state court by an alleged delay in filing documents and issuing summons. However, Plaintiff's ability to "prepare and transmit" his filings to the state court has not been hindered. Furthermore, Plaintiff states that his case is still pending in state court. Resp. [14] at 5. As such, since Plaintiff does not allege that he has been "deprived of his ability to prepare and transmit any

4

legal documents to any court," he fails to present a "nonfrivolous claim" of denial of access to the courts. *Grable v. Harris County Dist. Clerks Office*, 87 F. App'x 431, 432 (5th Cir. 2004) (citing *Brewer v. Wilkinson*, 3 F.3d at 821). Accordingly, Plaintiff's claims regarding the denial of his access to the state court will be dismissed.

## III. Conclusion

As discussed above, this Court does not have the authority to issue a writ of mandamus to grant the relief requested by Plaintiff. Accordingly, the portion of this complaint filed pursuant to 42 U.S.C. § 1983 which is construed as a petition for writ of mandamus is denied. Further, this case will be dismissed for failure to state a claim for which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike."[2] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Order. All pending motions are hereby terminated.

---

[2] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2010.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE